**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DENISSE MIRA, individually and on behalf of
all others similarly situated,

                Plaintiff,                    **MEMORANDUM OF**
                                                **DECISION AND ORDER**
            -against-                    11-CV-1009 (ADS)(WDW)

MAXIMUM RECOVERY SOLUTIONS, INC.,

                Defendant.
----------------------------------------------------------X
**APPEARANCES:**

**Amir J. Goldstein, Esq.**
*Attorney for the plaintiff*
166 Mercer Street, Suite 3A
New York, NY 10012

**NO APPEARANCE**
Maximum Recovery Solutions, Inc.


**SPATT, District Judge**.

      Presently before the Court is a Report and Recommendation by United States Magistrate Judge William D. Wall dated August 19, 2011 ("the Report"), recommending that the Court strike the defendant's answer and grant the plaintiff's motion for a default judgment. For the reasons set forth below, the Court adopts the Report in its entirety.

      On March 2, 2011, Denisse Mira ("the plaintiff"), on behalf of herself and others similarly situated, commenced this action against Maximum Recovery Solutions, Inc. ("the defendant") asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. On April 11, 2011, the defendant filed an answer signed by its Chief Executive Office, Carlos Diaz ("Diaz"). Because corporations may only appear in federal court through counsel, see Lattanzio v. COMTA, 481 F.3d 137, 139–40 (2d

Cir.2007); Dow Chem. Pac. Ltd. v. Rascator Maritime, S.A., 782 F.2d 329, 336 (2d Cir. 1986), and there was no indication that Diaz was an attorney, Judge Wall issued an order on June 1, 2011 stating that "defendant shall retain counsel by July 15, 2011 or risk a entry of default judgment against it." (Docket Entry # 3.)

Despite being informed of the potential consequences, the defendant did not respond to the June 1, 2011 order. On July 20, 2011, the plaintiff filed a motion for sanctions and a request for "30–60 days in order to settle the matter", or alternatively an entry of default against the defendant. (Docket Entry # 7.) On August 19, 2011, Judge Wall issued the Report, recommending "that plaintiff's motion be granted to the extent that defendant's answer should be stricken and default entered against it". (Docket Entry # 8.) A copy of the Report was served on the defendant on August 19, 2011. (Docket Entry # 9.) To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Wall's Report and finds it to be persuasive and without any legal or factual errors.

There being no objection to Judge Wall's Report, it is hereby

**ORDERED**, that Judge Wall's Report and Recommendation is adopted in its entirety.  The Clerk of the Court is directed to strike the defendant's answer and to enter a default against the defendant.

**SO ORDERED.**

Dated: Central Islip, New York
       September 9, 2011

                                                  _/s/ Arthur D. Spatt_____
                                                   ARTHUR D. SPATT
                                              United States District Judge