UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DENISSE MIRA, individually and on behalf of
all others similarly situated,

       Plaintiff,     **MEMORANDUM OF**
               **DECISION AND ORDER**
    -against-       11-CV-1009 (ADS)(GRB)

MAXIMUM RECOVERY SOLUTIONS, INC.,

       Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**Amir J. Goldstein, Esq.**
*Attorney for the plaintiff*
166 Mercer Street, Suite 3A
New York, NY 10012

**NO APPEARANCE**
Maximum Recovery Solutions, Inc.

**SPATT, District Judge**.

   Presently before the Court is a motion for default judgment by the plaintiff, Denisse Mira. Pursuant to Local Rule 55.2(b), a party seeking a default judgment must first obtain a certificate of default from the Clerk of the Court. In this case, the plaintiff moved for an entry of default on July 20, 2011. At that time, a notation of default could not be entered because the defendant had filed an answer to the complaint.

   On August 19, 2011, United States Magistrate Judge William D. Wall issued a Report and Recommendation, recommending that the Court strike the defendant's answer—which was not filed by an attorney in contravention of the law governing the appearance of corporations in federal court—and grant the plaintiff's motion for an entry of default. The Court adopted Judge Wall's Report on September 9, 2011, and directed

the Clerk of the Court to strike the defendant's answer and to enter a default against the defendant. However, due to a clerical error, rather than a notation of default, a default judgment was entered against the defendant and the case was marked as closed.

As a result, it is hereby

**ORDERED**, that the Clerk of the Court is direct to reopen this case, and it is further

**ORDERED**, that the Clerk of the Court is directed to vacate the default judgment against the defendant, and it is further

**ORDERED**, that the Clerk of the Court is directed to enter a notation of default against the defendant, and it is further

**ORDERED**, that the plaintiff's motion for a default judgment is respectfully referred to United States Magistrate Judge Gary R. Brown for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

**SO ORDERED.**

Dated: Central Islip, New York
January 20, 2012

　　　　　　　　　　　　　　　　　　　　　__/s/ Arthur D. Spatt_____
　　　　　　　　　　　　　　　　　　　　　　ARTHUR D. SPATT
　　　　　　　　　　　　　　　　　　　　　United States District Judge