UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DENISSE MIRA, individually and on behalf of
all others similarly situated,

                              Plaintiff,                 **REPORT AND**
                                                         **RECOMMENDATION**
                  -against-                              CV 11-1009  (ADS) (GRB)


MAXIMUM RECOVERY SOLUTIONS, INC.,

                              Defendant.
--------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge:**

        Before the undersigned is a motion for default judgment made by Denisse Mira

("plaintiff"), on behalf of herself and others similarly situated, which has been referred to the

undersigned by District Judge Arthur Spatt to issue a report and recommendation as to whether

the motion for a default judgment should be granted, and if so, whether damages should be

awarded.  Docket Entry ("DE") [15].  Plaintiff has requested an award of statutory damages and

actual damages, prejudgment interest, and attorney's fees and costs.  For the reasons set forth

herein, it is respectfully recommended that plaintiff's motion for default judgment be

GRANTED, and plaintiff be awarded the aggregate sum of $8,175.26.


                                **BACKGROUND**

        On March 2, 2011, plaintiff commenced this action asserting violations of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  Complaint ("Compl.") ¶ 1, DE

[1].  Plaintiff alleges that defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6),

with its principal place of business in Houston, Texas.  *Id.* ¶ 2.  Plaintiff alleges that at some

unknown time prior to November 2010, plaintiff incurred a personal debt to an unknown creditor

1

and that debt was referred to and/or assigned to the defendant for collection.  *Id.* ¶¶ 6-7.

Plaintiff claims that defendant made telephone calls and left three harassing, confusing, misleading and deceptive messages for plaintiff on or about November 2010 through December 2010 in an attempt to collect the debt.  *Id.* ¶¶ 8-25.  As a result of the messages, plaintiff claims to have suffered sleep deprivation, loss of appetite, nausea, nervousness, confusion, anxiety, embarrassment and frustration.  Motion for Default Judgment ("Def. Mot."), Ex. 2, Denisse Mira Affidavit in Support of Plaintiff's Motion for Default Judgment ("Mira Aff.") at ¶¶ 13-15, DE [13].

On April 11, 2011, defendant filed an answer signed by its Chief Executive Officer, Carlos Diaz ("Diaz).  DE [2].  Because corporations may only appear in federal court through counsel, and there was no indication that Diaz was an attorney, Magistrate Judge William D. Wall issued an order on June 1, 2011 stating that "defendants shall retain counsel by July 15, 2011 or risk entry of a default judgment against it."  DE [3].

Despite being informed of the potential consequences, defendant did not respond to the June 1, 2011 order.  Plaintiff moved for an entry of default on July 20, 2011.  DE [7].  On August 19, 2011, Magistrate Judge William D. Wall issued a Report recommending "that plaintiff's motion be granted to the extent that defendant's answer should be stricken and default entered against it."  DE [8].  On September 9, 2011, Judge Spatt adopted the Report and directed the Clerk of the Court to strike defendant's answer and to enter a default against the defendant.  DE [11].  However, due to a clerical error, rather than a notation of default, a default judgment was entered against the defendant and the case was marked as closed.  On January 20, 2012, Judge Spatt ordered that the case be reopened, the default judgment vacated, that a notation of default be entered against the defendant and referred the motion for default judgment and whether

2

damages should be awarded to the undersigned for a recommendation.[1]  DE [15].

## DISCUSSION

Federal Rule of Civil Procedure 55 ("Rule 55") establishes a two-step process for obtaining a judgment against the defaulting party.  *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).  First, the Clerk of the Court, upon notification from the party seeking affirmative relief, enters default against the party that has failed to plead or otherwise defend in the action.  Fed. R. Civ. P. 55(a); *Priestley*, 647 F.3d at 504-05.  Second, the plaintiff must seek a judgment under Rule 55(b), following one of two procedures.  The plaintiff may request that the Clerk of the Court enter judgment if the plaintiff's claim is for a sum certain (or a sum that can be made certain by computation), the defendant has failed to appear, and the defendant is neither a minor nor an incompetent.  Fed. R. Civ. P. 55(b)(1); *Priestley*, 647 F.3d at 505.  In all other cases, the party seeking a judgment by default must apply to the court pursuant to Rule 55(b)(2).  *Priestley*, 647 F.3d at 505.

Plaintiff now applies to the Court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for entry of a default judgment in her favor.  In light of defendant's default, the Court accepts the factual allegations in the complaint as true, except those relating to damages, and draws all reasonable inferences in plaintiff's favor.  *See Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).  However, the "district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action."  *Au*

---

[1] On November 17, 2011, this matter was transferred to the undersigned from Magistrate Judge William D. Wall. *See* E-Order 11/17/2011.

3

*Bon Pain Corp.*, 653 F.2d at 65.  Furthermore, the district court does not automatically accept the allegations of the complaint relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).  Although an evidentiary hearing under Rule 55(b)(2) is not required, plaintiff must establish through affidavits or other evidence "a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

Plaintiff has satisfied the procedural prerequisites to a default judgment.  After defendant failed to appear in this action, plaintiffs sought defendant's default, which the Court clerk so entered.  *See* Notation of Default on 1/20/2012.  Plaintiff then moved the Court for default judgment.  *See* Def. Mot, DE [13].

## I.    Default Judgment

Plaintiff asserts violations of numerous provisions of the FCDPA, including §§ 1692d (prohibiting harassing and abusive conduct in connection with collection of a debt), and § 1692e (prohibiting false, deceptive, or misleading representations in connection with collection of a debt).  Based on these violations, plaintiff seeks $1,000 in statutory damages, $10,000 in actual damages, $8,027.50 in attorney's fees, $617.76 in costs, and prejudgment interest.[2]

The FDCPA is a strict liability statute, and a single violation is sufficient to establish liability.  *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 133, 135 (2d Cir. 2010); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).  Therefore, taking as true the allegation that

---

[2]  Plaintiff's motion papers and supporting exhibits are inconsistent with regard to the amount of actual damages sought.  Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Default Judgment and Attorney's Fees and Costs asks for both $10,000 in actual damages and $5,000 in actual damages depending on the section of the memorandum, while plaintiff's Affidavit in Support of the Default Motion requests $10,000 in actual damages, and the Declaration of Amir J. Goldstein in Support of Plaintiff's Motion for Default Judgment and Attorney's Fees and Costs ("Goldstein Decl."), requests $5,000.

defendant contacted plaintiff at least three times, threatening her with civil penalties and containing misleading and deceptive representations , the Court finds that the complaint adequately establishes defendant's violation of, at a minimum, FDCPA §§ 1692d(5)-(6) and § 1692e.

## II.    Damages

### a.  Statutory Damages

The FDCPA provides for a maximum of $1,000 in statutory damages.  15 U.S.C. § 1692k(a)(2)(A).  "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000 ceiling."  *Savino v. Computer Credit Inc.*, 164 F.3d 81, 86 (2d Cir. 1998).  In calculating an appropriate statutory damages award, the district court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).

Generally, courts have awarded less than the $1,000 statutory maximum damages "where there is no repeated pattern of intentional abuse or where the violation was technical."  *Dunn v. Advanced Credit Recovery Inc.*, No. 11 Civ. 4023, 2012 U.S. Dist. LEXIS 27205, 2012 WL 676350, at *3 (S.D.N.Y. Mar. 1, 2012) (quotation omitted); *see, e.g.*, *Cordero v. Collection Co., Inc.*, No. 10 Civ. 5960, 2012 U.S. Dist. LEXIS 47086, 2012 WL 1118210, at *2 (E.D.N.Y. Apr. 3, 2012) (awarding $250 statutory damages where defendant sent plaintiff one letter requesting payment of an outstanding medical bill in order to avoid any further legal action); *Copper v. Global Check & Credit Servs., LLC*, No. 10 Civ. 145S, 2010 U.S. Dist. LEXIS 137091, 2010 WL 5463338, at *2 (W.D.N.Y. Dec. 29, 2010) (awarding $250 statutory damages where defendant called plaintiff's daughter more than once, disclosed plaintiff's debt, and failed to

provide proper notice of the debt).  In contrast, plaintiff here has alleged at least three personal contacts with threats of legal action and noncompliance with the FDCPA by the defendant.  This conduct is sufficient to warrant a recommendation that the requested $1,000 statutory damages be awarded.

### b.  Actual Damages

Under the FDCPA, a plaintiff may recover actual damages for emotional distress. 15 U.S.C. § 1692k(a)(1); *Cooper v. Ellis Crosby & Assocs., Inc.,* No. 05 CV 1467, 2007 U.S. Dist. LEXIS 35201, 2007 WL 1322380, at *2 (D. Conn. May 2, 2007).  Actual damages are intended to "compensate a plaintiff for out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA." *Milton v. Rosicki, Rosicki & Assocs., P.C.*, No. 02 Civ. 3052, 2007 U.S. Dist. LEXIS 56872, 2007 WL 2262893, at *3 (E.D.N.Y. Aug. 3, 2007). The only evidence submitted in support of actual damages is plaintiff's own affidavit in which she requests an award of $10,000 to compensate for emotional distress, including feelings of fear, anxiety, panic, nervousness, as well as nausea, loss of appetite, sleep loss, sickness, and frustration and embarrassment she attributes to defendant's three telephone calls.  Mira Aff. at ¶¶ 13-15.  While some incidental emotional distress may not be unreasonable, the Court believes that a $10,000 award is excessive considering that (1) defendant's contacts with plaintiff spanned no more than two months and (2) no evidence has been produced that Plaintiff sought or received medical treatment as a result of these contacts.  The Court finds that an award of $1,000 in actual damages – an amount equivalent to the statutory damages -- will fairly compensate Plaintiff, and is commensurate with the evidence presented in this case and with awards in similar cases in this Circuit. *Cf. Pearce v. Ethical Asset Mgmt., Inc.*, No. 07 Civ. 718S, 2010 U.S. Dist. LEXIS 22421, 2010 WL 932597, at

*5 (W.D.N.Y. Mar. 11, 2010) (awarding $750 in emotional distress damages where Defendant's disclosure of unpaid debt to plaintiff's daughter caused plaintiff humiliation and fear for daughter's welfare); *Krueger v. Ellis, Crosby & Assocs., Inc.*, No. 05 Civ. 160, 2006 U.S. Dist. LEXIS 96981, 2006 WL 3791402, at *2 (D. Conn. Nov. 9, 2006) (awarding no actual damages for emotional distress where plaintiff's evidence consisted solely of a "generalized, blanket assertion" that "the calls from Defendant caused him 'anxiety, embarrassment, inconvenience, and worry'"); *Gervais v. O'Connell, Harris & Assocs., Inc.*, 297 F. Supp. 2d 435, 440 (D. Conn. 2003) ("The Court is sympathetic with plaintiff's claim and believes that he did, in fact, suffer some emotional distress as a result of defendants' heavy-handed and unlawful conduct. However, the events in question were brief in time; plaintiff concedes that defendants never expressly threatened him; he acknowledges that he did not need the care of a physician as a result of these events . . . . Accordingly, the Court awards plaintiff $1,500 for emotional and mental distress damages under FDCPA."); *Donahue v. NFS, Inc.*, 781 F. Supp. 188, 194 (W.D.N.Y. 1991) (awarding $100 in actual damages where "plaintiff suffered some quantum of mental or physical distress stemming in part from" her receipt of three collection notices).

### c.   Attorney's Fees and Costs

Pursuant to 15 U.S.C. § 1692k(a)(3), counsel for a prevailing party in a FDCPA action is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." Here, by achieving more than the maximum possible monetary relief available under the statute, plaintiff's counsel succeeded in their efforts.

The Second Circuit has held that courts are to award counsel the "presumptively reasonable fee," which is determined by multiplying the reasonable hourly rate by the number of reasonably expended hours. *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir.

2009).

A reasonable hourly rate is "'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons*, 575 F.3d at 174 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007), *amended on other grounds*, 522 F.3d 182 (2d Cir. 2008)). The court should also consider the following case-specific factors in determining the reasonable hourly rate:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)). In calculating the presumptively reasonable fee, "courts should generally use the hourly rates employed in the district in which the reviewing court sits." *Simmons*, 575 F.3d at 174 (citation and internal quotation marks omitted).

In the Eastern District of New York, "hourly rates for attorneys . . . have [normally] ranged from $200 to $350 an hour for partners, $200 to $250 for senior associates with four or more years of experience, $100 to $150 an hour for junior associates with one to three years of experience, and $70 to $80 for legal assistants." *Crapanzano v. Nations Recovery Ctr., Inc.*, No. 11-CV-1008, 2011 U.S. Dist. LEXIS 76759, *4 (E.D.N.Y. June 29, 2011), *adopted by* 2011 U.S. Dist. LEXIS 76665 (E.D.N.Y. July 14, 2011) (citation omitted); *see also Local 282, Int'l Bhd. of*

*Teamsters v. Pile Found. Constr. Co.*, No. 09-cv-4535(KAM)(LB), 2011 U.S. Dist. LEXIS 86644, at \*33 (E.D.N.Y. Aug. 5, 2011) ("Recent prevailing hourly rates in the Eastern District are: (1) between two hundred dollars ($200.00) to four hundred dollars ($400.00) for partners; (2) between one hundred dollars ($100.00) to two hundred ninety-five dollars ($295.00) for associates; and (3) between seventy dollars ($70.00) to eighty dollars ($80.00) for legal assistants, including paralegals, or legal interns.") (quoting *Szczepanek v. Dabek*, No. 10-CV-2459, 2011 U.S. Dist. LEXIS 23458 (E.D.N.Y. Mar. 7, 2011)).

Here, plaintiff's counsel requests $8,027.50 in attorney's fees, representing 24.7 hours of attorney time at a rate of $325 per hour. Plaintiff's counsel is admitted to the bar in New York and California, and has nearly 10 years of experience practicing law. Goldstein Decl. at ¶ 3. Since 2005, he has been a solo practitioner, focusing his practice on consumer protection law. *Id.* at ¶ 4.

The court does not find that an hourly rate of $325 for plaintiff's counsel is reasonable. In FDCPA cases, courts in the Eastern District of New York have regularly awarded experienced attorneys hourly rates ranging from $250 to $350. *See, e.g., Crapanzano*, 2011 U.S. Dist. LEXIS 76759, \*4 (finding $250 to be a reasonable hourly rate for an FDCPA case in the E.D.N.Y.); *Aslam v. Malen & Assocs., P.C.*, 669 F. Supp. 2d 275, 277 (E.D.N.Y. 2009) (awarding attorney with 6 years' experience in consumer protection cases an hourly rate of $250 in an FDCPA case); *Larsen v. JBC Legal Group, P.C.*, 588 F. Supp. 2d 360, 364 (E.D.N.Y. 2008) (awarding counsel who had 17 years of experience including 7 years specializing in consumer protection law, an hourly rate of $300 in an FDCPA case); *Baruch v. Healthcare Receivable Mgmt., Inc.*, No. 05-CV-5392, 2007 U.S. Dist. LEXIS 80429, at \*18 (E.D.N.Y. Oct. 29, 2007) (awarding solo practitioner with 19 years of experience an hourly rate of $350 in an FDCPA case); *Sparkman v.*

*Zwicker & Assocs., P.C.*, No. 04-CV-1143, 2006 U.S. Dist. LEXIS 7376, at *5-6 (E.D.N.Y. Feb. 27, 2006) (noting that "district courts in this circuit have awarded attorney's fees at rates ranging from $200 to $250 per hour for experienced attorneys in FDCPA cases" and awarding attorney an hourly rate of $200); *Pinkham v. Prof'l Claims Bureau, Inc.*, 367 F. Supp. 2d 338, 340 (E.D.N.Y. 2005) (awarding counsel an hourly rate of $250 in an FDCPA case).

 The court finds that this case was neither complex nor a vanguard for debt collection litigation, and it did not involve any novel issues warranting counsel's unique expertise or creativity in arguing for the extension or a new application of law.  Based on the prevailing rates in this district, and in light of counsel's experience and the facts and circumstances in this case, the court finds that a reasonable hourly rate in this case for plaintiff's counsel is $225.

 Plaintiff's counsel submitted contemporaneous time records indicating that between January 3, 2011 and November 10, 2011, he spent 27.4 hours consulting with his client, drafting the complaint, negotiating the settlement that ultimately fell through, conducting legal research, and preparing the default judgment motion papers.  *See* Def. Mot., Ex. D.  The time spent on what was an uncomplicated and uncontested case is somewhat higher than billings in other FDCPA default judgment cases, but not so high as to be unreasonable.  *Cf. Dunn*, 2012 U.S. Dist. LEXIS 27205, 2012 WL 676350, at *6 (approving 18.25 hours of attorney time in FDCPA default judgment case).  Therefore, the Court awards attorney's fees to plaintiff in the amount of $5,557.50.

 Plaintiff also requests costs in this action totaling $617.76, representing the $350.00 Court filing fee, the $200 process service fee, a $50 filing fee and $17.76 for postage.  *See* Def. Mot., Ex. E.  In light of plaintiff's documentation in the form of receipts for the requested fees, the Court finds these costs reasonable and appropriate and recommends that plaintiff be

reimbursed the $617.76 in costs.

### d.  Prejudgment Interest

Plaintiff also requests prejudgment interest.[3]  *See* Goldstein Decl. at ¶ 24.  Plaintiff

provides no authority for such an award, statutory or otherwise.  In any event, the application for

interest should be denied.  Plaintiff has not cited, nor has this court located, any other case

addressing the availability of prejudgment interest in conjunction with FDCPA awards.  "Federal

law controls the issuance of prejudgment interest awarded on federal claims."  *Fox v. Fox,* 167

F.3d 880, 884 (4th 1999) (citing *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.,* 515 U.S.

189, 194, 115 S. Ct. 2091, 132 L. Ed. 2d 148 (1995)).  "The essential rationale for awarding

prejudgment interest is to ensure that an injured party is fully compensated for its loss."  *City of

Milwaukee v. Cement Div., Nat'l Gypsum Co.,* 515 U.S. 189, 195 (1995).  I find that plaintiff's

injury is not of the sort which requires an award of interest in order to be fully compensated.

Accordingly, I recommend plaintiff's request for prejudgment interest be denied.

## CONCLUSION

For the reasons set forth herein, it is respectfully recommended that plaintiffs' motion for

default judgment be GRANTED, and plaintiff awarded the aggregate sum of $8,175.26.

## OBJECTIONS

Any written objections to this Report and Recommendation must be filed with the Clerk

of the Court within fourteen (14) days of service of this Report.  28 U.S.C. § 636(b)(1); FED. R.

CIV. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed

---

[3]  Of course, federal law governs the accrual of post-judgment interest: pursuant to federal statute, post-judgment interest automatically begins to accrue on the date the Court enters its judgment "at a rate equal to the weekly average 1-year constant maturity treasury yield as published by the Board of Governors of the Federal reserve System, for the calendar week preceding the date of the judgment."  *See* 28 U.S.C. § 1961.

11

to the district judge assigned to this action prior to the expiration of the fourteen (14) day period

for filing objections.  **Failure to file objections within fourteen (14) days will preclude**

**further review of this report and recommendation either by the District Court or the Court**

**of Appeals.**  *Thomas v. Arn*, 474 U.S. 140, 145 (1985 *)* ("a party shall file objections with the

district court or else waive right to appeal")*; Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d

Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further

judicial review of the magistrate's decision").


Dated: Central Islip, New York
        August 31, 2012

                                                      /s/ Gary R. Brown
                                                     GARY R. BROWN
                                                     United States Magistrate Judge