UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENISSE MIRA, individually and on behalf of
all others similarly situated,

                      Plaintiff,

           -against-

MAXIMUM RECOVERY SOLUTIONS, INC.,

                    Defendant.
------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★   SEP 2 9 2012   ★

LONG ISLAND OFFICE

**ORDER**
11-CV-1009 (ADS)(GRB)

APPEARANCES:

**Amir J. Goldstein, Esq.**
*Attorney for the plaintiff*
166 Mercer Street, Suite 3A
New York, NY 10012

**NO APPEARANCE**
Maximum Recovery Solutions, Inc.

**SPATT, District Judge.**

Presently before the Court are objections to a Report and Recommendation of United States Magistrate Judge Gary R. Brown dated August 31, 2012. For the reasons set forth below, the Court accepts Judge Brown's Report in its entirety.

## I. BACKGROUND

On March 2, 2011, Denisse Mira ("the plaintiff"), on behalf of herself and others similarly situated, commenced this action against Maximum Recovery Solutions, Inc. ("the defendant") asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. On January 20, 2012, the Clerk of the Court entered a notation of default against the defendant, and the Court referred this matter to United States Magistrate Judge Gary R. Brown

for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

On August 31, 2012, Judge Brown issued a Report and Recommendation ("the Report"), recommending that the Court grant the plaintiff's motion for default judgment and award the plaintiff: (1) $1,000 in statutory damages; (2) $1,000 in actual damages; (3) $5,557.50 in attorney's fees; and (4) $617.76 in costs, for an aggregate sum of $8,175.26.

On September 12, 2012, the plaintiff's counsel, Amir J. Goldstein, Esq., filed a timely objection to the Report, seeking an increase in the hourly rate applied by Judge Brown in calculating the attorney's fees. To date, there have been no additional objections to Judge Brown's Report. In addition, there has been no response to the objections by Mr. Goldstein.

## II. DISCUSSION

### A. As to the Award of Statutory Damages, Actual Damages, and Costs

To date, there have been no objections filed to recommendations in Judge Brown's Report that the Court grant the plaintiff's motion for a default judgment, and award the plaintiff (1) $1,000 in statutory damages; (2) $1,000 in actual damages; and (3) $617.76 in costs.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Brown's Report with regard to the above-stated recommendations and finds it be persuasive and without any legal or factual errors. There being no objection, the Court hereby

adopts Judge Brown's recommendations to grant the plaintiff's motion for a default judgment, and to award the plaintiff statutory damages, actual damages, and costs in the amounts set forth above.

## B. As to the Award of Attorney's Fees

Pursuant to 15 U.S.C. § 1692k(a)(3), counsel for a prevailing party in a FDCPA action is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." In his application to Judge Brown, Mr. Goldstein requested a total of $ 8,027.50 in attorney's fees, representing 24.7 hours of attorney time at a rate of $325 per hour. Based on a review of the caselaw awarding attorney's fees in FDCPA cases, as well as the facts and circumstances of this case, Judge Brown determined that a reasonable hourly rate in this case for Mr. Goldstein was $225 per hour.

In the Second Circuit, attorney's fees are determined by calculating the "presumptively reasonable fee". Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 117–18 (2d Cir. 2007), amended on other grounds, 522 F.3d 182 (2d Cir. 2008). The "presumptively reasonable fee" is "comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours". Finkel v. Omega Commc'n Servs., Inc., 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing Arbor Hill, 522 F.3d at 189); see Cruz v. Local Union No. 3 of the Int'l Bd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994). In assessing the presumptively reasonable fee, the Second Circuit has instructed that courts should consider the factors articulated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974). See Arbor Hill, 522 F.3d at 190. As summarized by the Second Circuit, the Johnson factors relevant to a court's consideration are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal

> service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 186 n.3 (citing Johnson, 488 F.2d at 717–19).

Here, Mr. Goldstein objects to the reasonable hourly rate of $225 awarded by Judge Brown, and requests that the Court modify the Report by adjusting his reasonable hourly billing rate to an amount not less than $250 per hour.

A reasonable hourly rate is "the rate a paying client would be willing to pay," which a court should determine "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. In addition, in assessing an attorney's reasonable hourly rate, a court is also required to adhere to what is referred to as the "forum rule". Pursuant to the "forum rule", the Second Circuit has instructed that courts should use the "prevailing [hourly rate] in the community" in determining the reasonable hourly rate. Id. (citing Blum v. Stenson, 465 U.S. 886, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)). For the purposes of calculating the reasonably hourly rate under the forum rule, the relevant "community" is "the district where the district court sits". Id. (citing Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983)); see also Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998) (finding that district court did not abuse its discretion by reducing fees so that they were line with other fees awarded in the Eastern District of New York); Luciano v. Olsten Corp., 109 F.3d 111, 115–116 (2d Cir. 1997) (holding that district court, in setting fees, appropriately relied upon prevailing market rates in the Eastern District of New York where the case was commenced and litigated).

First, Mr. Goldstein contends that the $325 amount requested in his application to Judge Brown has been previously approved in uncontested and contested fee applications. However, Mr. Goldstein does not state whether these other matters where he allegedly received an award of attorney's fees calculated at $325 per hour were FDCPA actions or in the Eastern District of New York. By contrast, Judge Brown cited to a number of decisions in FDCPA cases from the Eastern District of New York, where courts "regularly awarded experienced attorneys hourly rates ranging from $250 to $350". (Report at 9–10 (collecting cases).)

Mr. Goldstein further argues that he is "regularly awarded and approved in the Eastern District at the reasonable hourly rate of $250.00", including in one case cited by Judge Brown in the Report, Crapanzano v. Nations Recovery Ctr., Inc., No. 11-CV-1008, 2011 U.S. Dist. LEXIS 76759, at *4 (E.D.N.Y. June 29, 2011). In awarding Mr. Goldstein attorney's fees at an hourly rate of $250, the court in Crapanzano relied on a 2010 decision by United States District Court Judge Brian Cogan, where he "surveyed hourly in-district rates awarded in FDCPA cases and determined that $250 per hour was a reasonable hourly rate for [Mr. Goldstein]". Id., at * 5 (citing Vagenos v. LDG Fin. Servs. LLC, No. 09-CV-2672 (E.D.N.Y. Jul. 20, 2000) (Cogan, J.), docket entry # 41 at 3–4).

The Court agrees with Judge Brown that this case "was neither complex nor a vanguard for debt collection litigation, and it did not involve any novel issues warranting counsel's unique expertise or creativity in arguing for the extension or a new application of law". (Report at 10.) Moreover, the Court sees no reason to alter the thoughtful decision of Judge Brown. Weighed against consideration of the other Johnson factors, the Court finds that the hourly rate of awarded by Judge Brown takes into account Mr. Goldstein's experience; the substantive and procedural demands of this litigation; and his expenditure of time and resources. In addition, the Court finds

that this hourly rate represents that which a reasonable client would be willing to pay for the services rendered.

Accordingly, the Court modifies the Report to award the plaintiff attorney's fees calculated at an hourly rate of $225, for a total of $5,557.50

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that Judge Brown's Report and Recommendation is accepted in its entirety. The Court grants the plaintiff's motion for a default judgment and awards the plaintiff: (1) $1,000 in statutory damages; (2) $1,000 in actual damages; (3) $5,557.50 in attorney's fees; and (4) $617.76 in costs, and it is further

**ORDERED**, that the Court is directed to enter judgment in favor of the plaintiff in the amount of $8,175.26, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
September 29, 2012

_/s/ Arthur D. Spatt_
ARTHUR D. SPATT
United States District Judge